IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SNYDER COMPUTER SYSTEMS,
INC.,

          **Plaintiff,**

v.

RAY LAHOOD, et al.

          **Defendants.**

Case No. 2:10-cv-161
**JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE MARK R. ABEL**

## OPINION AND ORDER

This matter is before the Court for consideration of the Government's Motion to Dismiss the First Amended Complaint. (Document 27.) For the reasons set forth below, the Court hereby **GRANTS in PART** and **DENIES in PART** the Government's motion (Doc. 27), and hereby **DISMISSES** Claims One through Seven of the First Amended Complaint.

**I.**

Plaintiff Snyder Computer Systems, Inc., an Ohio corporation with its principal place of business located in the Southern District of Ohio, is in the business of, *inter alia*, designing, importing, and selling motorbikes, motorcycles, battery powered electric vehicles, and all terrain vehicles ("ATVs"); and importing various parts for these and other vehicles and products. (Am. Compl. ¶¶ 3, 7.) Plaintiff imports a substantial portion of its products from China into the United States. (*Id.* at ¶ 8.)

Plaintiff has sued Defendants United States Department of Transportation ("DOT"); Ray LaHood, Secretary of Transportation, DOT; Janet Napolitano, Secretary of Homeland Security, Customs and Border Patrol ("CBP"); and Lisa P. Jackson, Administrator, United States Environmental Protection Agency ("EPA"). Plaintiff alleges that, since April 2009, Defendants

"have prevented nearly every importation of [Plaintiff's] goods purchased from Chinese manufacturers on various grounds." (Am. Compl. ¶ 11.) Plaintiff alleges that Defendants have applied regulations "in an arbitrary and unreasonable manner and contrary to the language and intent of the regulations and in violation of [Plaintiff's] due process rights." (*Id.* at ¶ 14.) Plaintiff asserts that it desires and intends to continue to import goods and to comply with the law, but "due to the unreasonable and inconsistent administration of the laws and regulations by one or more defendants, [Plaintiff] needs declarations of rights as to whether the merchandise complies with various regulatory requirements." (*Id.* at ¶ 15.) Plaintiff's claims are as follows.

In Claim One, Plaintiff asserts that it has a due process right for Defendants to act within a reasonable time with respect to the detention and seizure of property, alleges that Defendants have violated that right, and seeks a declaration that it is entitled to receive statutory notifications within the time mandated by the Tariff Act of 1930, 19 U.S.C. § 1499, and other notifications within a reasonable time. (Am. Compl. ¶¶ 16–31, p.20.)

Claims 2 through 5 relate to the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.* In Claim 2, Plaintiff seeks a declaration that it has a property right and due process right to the importation of merchandise that conforms to a Certificate of Conformity ("Certificate") issued by the EPA's Mobile Sources Division ("MSD"), alleging that the EPA's Enforcement Division has refused importation of such merchandise. (Am. Compl. ¶ 35, 37.) In Claim 3, Plaintiff seeks a declaration that it has a right to rely on the "Effective Date" stated on the Certificate of Conformity after a Certificate is revised for corrections. (*Id.* at ¶¶ 38–43.) In Claims 4 and 5, Plaintiff seeks declarations interpreting carburetor-related regulations under the Clean Air Act. (*Id.* at ¶¶ 44–69.)

2

In Claim 6, Plaintiff seeks declarations regarding the definition of a "motor vehicle" under the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. §§ 30101 *et seq.* (the "Safety Act"), alleging that the DOT has incorrectly determined that certain of Plaintiff's motorbikes are "motor vehicles" under the Safety Act. (Am. Compl. ¶¶ 70–95.)

In Claim 7, Plaintiff seeks a declaration that it has a right to the release of merchandise which has been seized or detained along with regulated merchandise but which are not subject to the regulations of the seizing or detaining agency. (Am. Compl. ¶¶ 96–102.)

Finally, Plaintiff seeks equitable relief to compel Defendants to initiate forfeiture proceedings as to certain seized goods. Although the Amended Complaint does not assign a number to Plaintiff's claim for equitable relief, Plaintiff refers to its claim for equitable relief as "Claim 8" in its briefing. (Am. Compl. ¶¶ 106–08, p.22; *see* Pl.'s Mem. Opp'n 2.)

## II.

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the pleading itself; a factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id.*, 15 F.3d at 598. On a facial motion, the Court must take the material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). On a factual motion, no presumptive truthfulness applies to the factual allegations, and the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.*, 15 F.3d at 598 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Because Defendants' motion attacks the

3

sufficiency of the Plaintiff's complaint, the Court takes the material allegations in the complaint as true and construes them in the light most favorable to Plaintiff.

Alternatively, Defendants seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

The Court must first address the question of jurisdiction.

### III.

#### A. <u>Sovereign Immunity</u>

Sovereign immunity "is jurisdictional in nature," and absent a waiver, it "shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940)). "Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

4

The Government asserts that Plaintiff has failed to identify any waiver of sovereign immunity. As Plaintiff points out, however, the Administrative Procedures Act ("APA") waives sovereign immunity in actions "seeking relief other than money damages and stating a claim that an agency . . . acted or failed to act in an official capacity." 5 U.S.C. § 702; *Warin v. Director, Dep't of Treasury*, 672 F.2d 590, 591 (6th Cir. 1982). In § 702, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "[T]he waiver of sovereign immunity contained in § 702 . . . applies in cases brought under statutes other than the APA" and "is not restricted by the requirement of final agency action that applies to suits under the [APA]." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (citing *United States v. City of Detroit*, 329 F.3d 515, 521 (6th Cir. 2003)); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 510 (1999).

The Court finds that the waiver of sovereign immunity found in 5 U.S.C. § 702 applies to Plaintiff's claims, which are for nonmonetary relief.

### B. Claim 1 Under the Due Process Clause

In Claim 1, Plaintiff seeks a declaration that it is entitled to receive timely notifications, invoking the Due Process Clause and/or the notification provisions of 19 U.S.C. § 1499. Plaintiff concedes that its first seven claims "address future shipments of merchandise only," and thus involve no final agency action. (Pl.'s Mem. Opp'n 12.) Claims 1 through 7 therefore are not subject to judicial review under the APA, which provides for judicial review only of final agency action. 5 U.S.C. § 704. Further, contrary to Plaintiff's assertion (*id.* at 8), the

5

Declaratory Judgment Act[1] does not create an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Because Plaintiff identifies no cause of action based on the notification provisions in § 1499, the Court assumes that Plaintiff relies on the Due Process Clause.

Defendants contend that Plaintiff's alleged due process claim is not ripe for review. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and . . . to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hospitality Ass'n v. DOI*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967); *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732–33 (1998)). "'If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.'" *Dealer Computer Servs. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (quoting *River City Capital, L.P. v. Bd. of County Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007)).

To determine whether administrative action is ripe for review, a court must evaluate the fitness of the issues for judicial decision as well as the hardship to the parties that would result from withholding court consideration. *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808 (citing *Abbott Labs.*, 387 U.S. at 149). To do so, the Court considers (1) "whether delayed review would cause hardship to the plaintiffs," (2) "whether judicial intervention would inappropriately

---

[1] The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

6

interfere with further administrative action," and (3) "whether the courts would benefit from further factual development of the issues presented." *Oh. Forestry Ass'n*, 523 U.S. at 733.

### 1. Hardship to Plaintiff

First, Plaintiff insists that delayed review would result in its financial demise. (Doc. 29 ("To destroy plaintiff's business, the Government does not have to win a single motion or even a single argument. All it has to do is lose slowly.").) Plaintiff is in the business of importing and selling merchandise, and its operations appear to have been clogged since at least early 2009, when the Government admits it started seizing Plaintiff's shipments. (Mot. 1.) Taking the material allegations as true and construing them in the light most favorable to Plaintiff, the Court finds that this factor weighs in favor of a finding of ripeness.

### 2. Interference With Administrative Action

Second, the Court must consider whether judicial intervention would inappropriately interfere with further administrative action. The answer to this inquiry depends on the nature of the judicial intervention. To the extent that Plaintiff seeks declarations interpreting Defendants' regulations, particularly as applied to Plaintiff's specific situation, granting such relief likely would interfere inappropriately with Defendants' administrative duties. If the Court were to order adherence to statutory procedural requirements or order the initiation of a forfeiture action, however, such judicial intervention would serve merely to hasten the administrative process.

### 3. Need for Factual Development

Finally, the Court must consider whether it would benefit from further factual development of the issues presented. To determine whether a delay following the seizure of property is reasonable under the Due Process Clause, the Court must conduct a four-factor balancing test developed by the Supreme Court in *Barker v. Wingo*. *United States v. $8,850 in*

7

*United States Currency*, 461 U.S. 555, 556 (1983) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Under this test, the Court weighs (1) the length of delay, (2) the reason for the delay, (3) the claimant's assertion of his right, and (4) prejudice to the claimant. *$8,850*, 461 U.S. at 556 (holding that an 18-month delay in bringing a forfeiture proceeding was not a due process violation) (citing *Barker*, 407 U.S. at 530); *see also United States v. Von Neumann*, 474 U.S. 242 (1986) (holding that a 36-day delay by customs agents in responding to a remission petition was not a due process violation). None of the four factors "is a necessary or sufficient condition for finding unreasonable delay"; rather, they "are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." *Id.*, 461 U.S. at 565. The framework set forth in *Barker* is appropriate because "'due process is flexible and calls for such procedural protections as the particular situation demands.'" *$8,850*, 461 U.S. at 564–65 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); citing *Schweiker v. McClure*, 456 U.S. 188, 200 (1982); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14–15, n. 15 (1978)). Because due process is flexible and depends heavily upon the particular factual situation, the determination of whether Defendants violated Plaintiff's due process rights is fact-intensive.

The Sixth Circuit has also held that, "'[f]or a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'" *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 969 (6th Cir. 2009) (quoting *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977)). That Court has also held that "[a] case is ripe for pre-enforcement review under the Declaratory Judgment Act only if the probability of the future event occurring is substantial and of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *NRA of Am. v. Magaw*, 132 F.3d

8

272, 284 (6th Cir. 1997) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *Armstrong World Indus. v. Adams*, 961 F.2d 405, 412 (3rd Cir. 1992)).

While Plaintiff seeks declaratory judgment relating only to future shipments, it of course alleges facts only for shipments that have already been seized. The parties agree that Defendants have seized or constructively seized "nearly every importation of [Plaintiff's] goods purchased from Chinese manufacturers" since April of 2009. (Am. Compl. ¶¶ 11, 19; Mot. 1.) Plaintiff alleges that, of 18 total shipments seized, Defendants "supplied the required detention notices in compliance with 19 U.S.C. 1499 only 6 times," and Defendants have failed to respond to Plaintiff's repeated requests to adhere to procedural requirements. (*Id.* at ¶¶ 19, 27.) Taking the allegations as true, the Court finds that "the probability of the future event occurring is substantial and of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"[2] The Court therefore finds that Plaintiff's due process claim is ripe for review, and the Court does not lack subject matter jurisdiction.

Defendant also moves to dismiss Plaintiff's due process claim under Rule 12(b)(6). As discussed below, the Supreme Court has held that a party claiming a right to seized merchandise "'is able to trigger rapid filing of a forfeiture action if he desires it'" by "'[filing] an equitable action seeking an order compelling the filing of the forfeiture action or return of the seized property.'" *United States v. Von Neumann*, 474 U.S. 242, 244 n.3 (1986) (quoting *United States v. $ 8,850*, 461 U.S. 555, 569 (1983); citing *Slocum v. Mayberry*, 2 Wheat. 1, 10 (1817)). Because a "forfeiture proceeding, without more, provides the postseizure hearing required by due process to protect [Plaintiff's] property interest in the [seized merchandise]," *id.*, 474 U.S. at 249,

---

[2] The Court notes that Plaintiff alleged in a motion for injunctive relief, later withdrawn, that another shipment was seized on May 27, 2010, months after the amended complaint was filed in this case, without the timely issuance of a Notice of Detention. (Docs. 34, 40.) While the alleged seizure of the May 27 shipment could not have been alleged in the amended complaint, it supports a finding that such an event was substantially likely to occur.

9

the Court finds that Plaintiff's due process rights are sufficiently protected. Defendant's motion to dismiss is therefore **GRANTED** as to Claim 1.

### C. Claims 2 through 5 Under the Clean Air Act

In Claims 2 through 5, Plaintiff seeks declarations relating to the Clean Air Act, specifically relating to the Certificate of Conformity issued by the EPA and regulatory requirements relating to "adjustable parameters." *See* 40 C.F.R. §§ 86.401-2006, 1051.801, 1051.115.

As noted above, Plaintiff states in its brief that its first seven claims "address future shipments of merchandise only," and thus involve no final agency action. (Pl.'s Mem. Opp'n 12.) The Court therefore finds that Plaintiff has identified no cause of action as to Claims 2, 3, 4, and 5. As discussed above, the Declaratory Judgment Act does not create an independent cause of action, and even if Plaintiff's claims were to involve past EPA action, this Court would lack jurisdiction to review the action under the Clean Air Act, which provides that the EPA's nonfinal actions are not judicially reviewable, and petitions for judicial review of final actions may be filed only in an appropriate court of appeals. 42 U.S.C. §§ 7607(b), 7607(e). The Government's motion is therefore **GRANTED** as to Claims 2, 3, 4, and 5; which are hereby **DISMISSED**.

### D. Claims 6 and 7

In Claim 6, Plaintiff seeks declarations relating to the definition of a "motor vehicle" under the Safety Act, to be applied to merchandise Plaintiff intends to import in the future. (Am. Compl. ¶¶ 90–95.) Claim 7 relates to items that Plaintiff asserts are not subject to the regulations of the seizing or detaining agency. (Am. Compl. ¶¶ 96–102.)

As noted above, Plaintiff concedes that these claims involve no final agency action because they "address future shipments of merchandise only." (Pl.'s Mem. Opp'n 12.) Because

10

the Declaratory Judgment Act creates no independent cause of action, and the APA provides for judicial review only of *final* actions, 5 U.S.C. § 704, the Court finds that Plaintiff states no cause of action as to Claims 6 and 7. The Government's motion is therefore **GRANTED** as to Claims 6 and 7, which are hereby **DISMISSED**.

### E. Claim For Equitable Relief / Forfeiture Action ("Claim 8")

The parties agree that a forfeiture action is an "'appropriate forum to determine whether a seizure is 'rightful or [tortious].'" (Mot. 19 (citing *Slocum*, 2 Wheat. at 10); Pl.'s Mem. 9.) As noted above, the Supreme Court has held that a party claiming a right to seized merchandise "'is able to trigger rapid filing of a forfeiture action'" by "'[filing] an equitable action seeking an order compelling the filing of the forfeiture action or return of the seized property.'" *Von Neumann*, 474 U.S. at 244 n.3 (1986) (quoting *$ 8,850*, 461 U.S. at 569; citing *Slocum*, 2 Wheat. at 10).

The Government implies that such a forfeiture action can be initiated only according to 19 U.S.C. § 1608 and 19 C.F.R. § 162.47. Under those provisions, following the government's notice of seizure, a claimant may file a claim with a customs officer, and that officer then transmits the claim to a United States attorney for the district in which the seizure was made, "who shall proceed to a condemnation of the merchandise . . . in the manner prescribed by law." 19 U.S.C. § 1608. Such an interpretation relies on a chain of administrative action to institute a forfeiture proceeding, however, and renders meaningless the Court's statement that a claimant "is able to trigger rapid filing of a forfeiture action" by "[filing] an equitable action seeking an order compelling the filing of the forfeiture action." *Von Neumann*, 474 U.S. at 244 n.3 (quotations omitted) (emphasis added). Because Claim 8 states a cause of action as described by *Von Neumann*, the Government's motion is hereby **DENIED** as to Claim 8.

11

12

## IV.

For the reasons discussed above, the Court hereby **GRANTS in PART** and **DENIES in PART** the Government's Motion to Dismiss the First Amended Complaint. (Doc. 27.) Claims One through Seven of the First Amended Complaint are hereby **DISMISSED**.

**IT IS SO ORDERED.**

_8-9-2010_
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE